UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER AGUSTO ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SONOMA COUNTY, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-12-5606 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 27)** |

　　　　Plaintiff Javier Agusto Alvarez has filed suit against Defendant Sonoma County and several of its employees, asserting that they discriminated against him on the basis of his race. All of the defendants except for Veronica Ferguson (who appears not to have been served as of yet) have filed a motion to dismiss. Having considered the parties' briefs, as well as the oral argument presented at the hearing, the Court hereby **GRANTS** in part and **DENIES** in part the motion to dismiss.

## I. DISCUSSION

A.　Legal Standard

　　　　Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.

1  2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough
2  facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when
3  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
4  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see*
5  *also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to
6  a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted
7  unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B.  Claims 1 – Violation of Equal Protection (42 U.S.C. § 1983)

Mr. Alvarez has asserted a § 1983/equal protection claim against all of the defendants. At this juncture, only the County has moved for dismissal.

It is well established that § 1983 "suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. Instead, plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered.'" *AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citing, *inter alia*, *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

In *AE*, the Ninth Circuit addressed the issue of how specific the allegations of custom or policy have to be before a municipality can plausibly be held liable under *Twombly* and *Iqbal*. The court began by noting that, "[i]n the past, our cases have not required parties to provide much detail at the pleading stage regarding . . . policy or custom" – "a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice' was sufficient. *Id.* at 636. Post-*Iqbal*, however, that standard was no longer applicable. Rather, the standard to be applied is as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* at 637 (internal quotation marks omitted). Thus, without "allegation[s] of plausible facts supporting . . . a policy or custom," a *Monell* claim should be dismissed. *Id.*

Applying the *AE* standard, the Court evaluates potential County liability with respect to each of the incidents at issue.

First, as to the 2010 incidents involving Anna New and Lisa M. Cervantes, it is not clear on what basis Mr. Alvarez seeks to hold the County liable. There is no allegation that what occurred in 2010 was pursuant to a particular custom or policy of the County. Nor is there an allegation that a final policymaker for the County subsequently ratified Ms. New and Ms. Cervantes's acts. *See, e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999) (stating that "[a] municipality . . . can be liable for an isolated constitutional violation if the final policymaker 'ratified' a subordinate's actions"). Furthermore, there is no allegation that a final policymaker knew of their acts and was deliberately indifferent to their unconstitutional conduct. *See id.* at 1240 (noting that a municipality can be liable where a final policymaker acts with deliberate indifference to a subordinate's constitutional violations"). At present, there are no *specific* factual allegations in the complaint to support County liability under *Monell*. *See, e.g.*, FAC ¶ 34 (simply alleging in conclusory terms that the County is liable because of, *e.g.*, deliberate indifference or ratification).

The Court acknowledges that, in his complaint, Mr. Alvarez alleges that Ms. Cervantes told him "she could not help him and that [Ms.] New was just expressing County policy." FAC ¶ 20. But this singular conclusory allegation is not sufficient under *AE*. For instance, it is not clear precisely what the alleged County policy was. Nor are there any other factual allegations corroborative of this claim. Accordingly, to the extent Mr. Alvarez seeks to hold the County liable based on the 2010 incidents, the § 1983/equal protection claim is dismissed but without prejudice. Mr. Alvarez has leave to amend his complaint to replead the claim.

Second, as to the 2011 incident involving Ms. Paik, there is enough to give rise to municipal liability. Ms. Paik is allegedly the Director of Child Support Services, and Mr. Alvarez has specifically claimed that she is the County's final policymaker. *See* FAC ¶ 5. If Ms. Paik is the final policymaker (and it is plausible that she is given her title) and she conducted the unconstitutional conduct herself, that may be enough to establish municipal liability. *See Christie*,

1 176 F.3d at 1236 (stating that "a municipality can be liable for an isolated constitutional violation
2 when the person causing the violation has 'final policymaking authority'"). Thus, the motion to
3 dismiss is denied as to the § 1983/equal protection claim against the County based on the 2011
4 incident.

Finally, as to the 2013 incident involving Ms. Ferguson, the alleged County Administrator, *see* FAC ¶ 8, Mr. Alvarez once again needs to clarify what the basis of municipal liability is. For example, is she – like Ms. Paik – a final policymaker who engaged in unconstitutional conduct herself, which can then be a basis under *Monell* to hold the County liable? In the absence of specific factual allegations giving fair notice of the theory of municipal liability, the § 1983/equal protection claim against the County based on the 2013 incident shall also be dismissed but without prejudice. Mr. Alvarez has leave to amend to replead the claim against the County.[1]

C. <u>Claim 2 – Violation of Free Speech (42 U.S.C. § 1983)</u>

The § 1983/free speech claim is predicated on Julie S. Paik's alleged threat to suspend Mr. Alvarez's license and drain his family bank account if he complained about how he had been treated. The claim has been asserted against Ms. Paik and the County only. At this juncture, only the County has moved for dismissal of the claim.

For reasons similar to above, the Court finds that Mr. Alvarez has adequately pled a basis for municipal liability with respect to this claim. As noted above, it is plausible that Ms. Paik is a final policymaker for the County, in which case any unconstitutional conduct on her part may be a basis for municipal liability. *See Christie*, 176 F.3d at 1236 (stating that "a municipality can be liable for an isolated constitutional violation when the person causing the violation has 'final policymaking authority'").

D. <u>Claim 3 – Violation of Due Process – Fourteenth Amendment (42 U.S.C. § 1983)</u>

The § 1983/due process claim (based on the Fourteenth Amendment) is predicated on the role that Ms. Paik played with respect to the suspending of Mr. Alvarez's driver's license. The

---

[1] The Court acknowledges that Ms. Ferguson herself is not yet a defendant in the case as she has not been served. However, that does not prevent Mr. Alvarez from seeking to hold the County liable based on her conduct.

4

claim has been asserted against Ms. Paik and the County only. Both defendants have challenged the claim.

Contrary to what Ms. Paik and the County suggest, Mr. Alvarez does allege in his complaint that Ms. Paik played a role that contributed to the suspension of his license. More specifically, Mr. Alvarez alleges that Ms. Paik did not post his child support payment immediately and instead waited a week to do so, which led to the suspension of his license. *See* FAC ¶ 24 (alleging that "[Ms.] Paik informed plaintiff that she decided to 'post' plaintiff's payment one week later because she had other people who are 'real American's who she had to post first, to make sure their licenses were not suspended").

Nevertheless, the Court agrees with Ms. Paik and the County that, even if Ms. Paik had a role, there are insufficient allegations to establish that her actions were a proximate cause of the suspension of his license. At the hearing, Mr. Alvarez explicitly stated that a late payment would not automatically result in a suspension of a license. Rather, a hearing would be held by the Department of Motor Vehicles ("DMV") which would then make a determination as to whether there should be a suspension. According to Mr. Alvarez, the DMV never gave him a hearing before suspending his license but, if that is the case, then the DMV's actions were an intervening cause that breaks the chain of proximate causation with respect to Ms. Paik. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996) (noting that "[t]raditional tort law defines intervening causes that break the chain of proximate causation" and "[t]his analysis applies in section 1983 actions").

Because there are insufficient allegations to hold Ms. Paik liable on this claim, there is no basis to find the County liable either, even assuming that Ms. Paik is a final policymaker. Accordingly, the Court dismisses the § 1983/due process claim in its entirety. Mr. Alvarez has leave to replead the claim.

E.   Claim 4 – Violation of Due Process – Fifth Amendment (42 U.S.C. § 1983)

As to the § 1983/Fifth Amendment due process claim – which is also asserted against both Ms. Paik and the County – Defendants argue that this claim is not viable because the Fifth Amendment is applicable to the federal government only, not the local government.

Defendants' position is correct. *See, e.g.*, *Schweiker v. Wilson*, 450 U.S. 221, 227 n.6 (1981) (stating that "the Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment"); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (noting that "defendant is a local law enforcement official, and the Fifth Amendment's due process clause only applies to the federal government"); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (stating that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States"); *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) (in procedural due process case, noting that the due process principles of the Fourteenth Amendment are the same as those that apply to the federal government through the Fifth Amendment). Moreover, in his opposition, Mr. Alvarez concedes that this claim is not viable. Accordingly, the Court dismisses the § 1983/Fifth Amendment due process claim with prejudice.

F.   <u>Claims 5 and 6 – Negligence and Intentional Infliction of Emotional Distress</u>

Finally, Mr. Alvarez has asserted two state law claims – one for negligence (against all Defendants) and one for intentional infliction of emotional distress (against all Defendants except the County). Ms. New, Ms. Cervantes, and Ms. Paik argue that these claims should be dismissed as to them based on a failure to comply with the claim presentation requirements of the California Tort Claims Act ("CTCA"). The County also argues that the negligence against it – to the extent predicated on Ms. New, Ms. Cervantes, and/or Ms. Paik's conduct – should be dismissed based on the failure to comply with the CTCA.[2]

Mr. Alvarez claims to have made two complaints that satisfy the claim presentation requirement of the CTCA – one on September 1, 2011, *see* Compl., Ex. B, and one in February 2012. *See* FAC ¶ 30. However, the complaint in February 2012 concerns conduct by Ms. Ferguson

---

[2] The County indicated at the hearing that it was not moving for a dismissal of the negligence claim to the extent based on the conduct of Ms. Ferguson. *Cf.* Reply at 6 (stating that "Defendants' motion, in fact, did not seek dismissal of the negligence claims against FERGUSON").

(not Ms. New, Ms. Cervantes, or Ms. Paik) which is not at issue in the instant motion, and therefore the Court need not address that particular complaint at this juncture.

### 1. 2010 Incidents

As a preliminary matter, the Court notes that the September 2011 complaint does not fairly include the 2010 incidents involving Ms. New and Ms. Cervantes. The complaint does not reference either of these defendants, nor does it otherwise describe with any specificity the discriminatory conduct to which he was subjected by these defendants. *See* Cal. Gov't Code § 910 (providing that a claim must show "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known").

Furthermore, even if the 2010 incidents were covered by this complaint, any claim is time barred. Under California Government Code § 911.2, "[a] claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2(a). Because Mr. Alvarez presented his claim on September 1, 2011, he could only base his complaint on conduct that took place on March 1, 2011, or later.

### 2. 2011 Incident

The 2011 incident involving Ms. Paik and the suspension of the license was sufficiently implicated in Mr. Alvarez's complaint of September 2011. The suspension of the license, at least, is specifically referenced in the complaint.

However, as discussed above, there is a proximate causation problem with respect to Ms. Paik and the suspension of Mr. Alvarez's license. Moreover, even if this problem could be overcome, there is a time bar to any claim based on Ms. Paik's actions. Under California Government Code § 945.6(a), if the board issues a written notice of a rejection of a claim, then a lawsuit must be brought "not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov't Code § 245.6(a).

In the case at bar, the board denied Mr. Alvarez's claim on October 3, 2011. There is nothing to suggest that the denial was not sent to Mr. Alvarez on or about October 3, 2011, as

reflected on the letter of denial. *See* Compl., Ex. A1. Accordingly, Mr. Alvarez had six months thereafter – until about April 3, 2012 – to file suit. However, Mr. Alvarez did not file suit until November 1, 2012, approximately eight months later.

G.  Attorney's Fees

Finally, the moving defendants ask the Court to dismiss the claim for attorney's fees because Mr. Alvarez is currently proceeding pro se. It is true that a pro se litigant who is not an attorney should not be entitled to compensation for his own time litigating the case. *Cf. Hannon v. Security Nat'l Bank*, 537 F.2d 327, 328-29 (9th Cir. 1976) (noting that a person who is not an attorney cannot provide attorney services and therefore cannot be paid attorney's fees). However, this should "not preclude Mr. [Alvarez] from asking for attorney's fees if he gets advice from an attorney, even if the attorney does not make a formal appearance." *Jefferson*, No. C-12-0926 EMC, 2012 U.S. Dist. LEXIS 60141, at *26 (N.D. Cal. Apr. 30, 2012). Furthermore, it appears that Mr. Alvarez is only seeking fees because he "will be retaining counsel." FAC at 10; *see also* Opp'n at 6 (noting that "attorney's fees will be applicable when plaintiff retains counsel, which plaintiff will be doing shortly"). In light of the above, the request by Defendants to dismiss shall be denied, but without prejudice to renewing the motion.

## II.  CONCLUSION

For the foregoing reasons, the moving defendants' motion to dismiss is granted in part and denied in part. More specifically:

(1)  The motion to dismiss the § 1983/equal protection claim against the County is granted in part and denied in part. The motion is granted to the extent the claim against the County is predicated on the conduct of Ms. New, Ms. Cervantes, and/or Ms. Ferguson. Mr. Alvarez has leave to amend. The motion is otherwise denied.

(2)  The motion to dismiss the § 1983/free speech claim against the County is denied.

(3)  The motion to dismiss the § 1983/Fourteenth Amendment due process claim is granted. Mr. Alvarez has leave to amend.

(4)  The motion to dismiss the § 1983/Fifth Amendment due process claim is granted. The dismissal is with prejudice.

    (5)    The motion to dismiss the claims for negligence and intentional infliction of emotional distress is granted. The dismissal is with prejudice. This ruling, however, does not address the negligence and emotional distress claims against Ms. Ferguson. It also does not address the negligence claim against the County to the extent the claim is based on Ms. Ferguson's conduct.[3]

This order disposes of Docket No. 27.

IT IS SO ORDERED.

Dated: May 23, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[3] To the extent the County suggests that it cannot be held liable for Ms. Ferguson's conduct, that is inconsistent with California Government Code § 815.2. *See* Cal. Gov't Code § 815.2(a) (providing that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative").